## N. Y. COMMON PLEAS.

THE PEOPLE *ex rel.* KOROTOWSKY agt. ABRAHAM LEIPZIG.

*Supplementary proceedings — duties of referees defined.*

The duty of a referee appointed under supplementary proceedings is to *take* and not to *make* the examination of the judgment debtor, and if he attempts to do so in an officious manner and partisan spirit he transcends his duty.

*Special Term, March,* 1877.

IN this action a judgment was obtained in the district court against the defendant, and a transcript of the same was fil,d in the county clerk's office. An order for the examina-'.on of the defendant in supplementary proceedings was issued by Mr. justice VAN HOESEN, directing the same to be had before a referee. On the examination before the referee the judgment debtor appeared attended by counsel. After a number of sittings had been held, for some cause, the referee adjudged the judgment debtor in contempt, and certified the proceedings to the court.

*Adams & Lewis,* for plaintiff.

*Byron W. Cohn,* for defendant.

Mr. Cohn, who appeared on this motion for the judgment debtor, claimed that from the moving papers, the examination and the report of the referee, which were on file, it appeared that the examination had been conducted mainly

People ex rel. Korotowsky agt. Leipzig.

by the referee. The judgment debtor, in his affidavit, read on the argument, charged the referee with partiality and with having transcended his duties as referee, in that the examination of the judgment debtor was conducted mainly by the referee, and that the referee's actions were characterized by a vindictive spirit to interrogate the witness upon points which were entirely irrelevant. Mr. Cohn then pressed a motion to modify the original order for the examination of the judgment debtor, by striking out the order of reference and to substitute in its place a clause that the examination be continued before this court.

ROBINSON, *J.* — The contempt charged in specific terms against the defendant for failure, on his examination before the referee appointed in proceedings supplementary to execution, to answer precisely and categorically certain questions put to him, does not appear to me to be substantiated, nor do the answers appear to have been made in any spirit of evasion. To the question, " How long after the sale of the business carried on by you, at number 260 Bowery, to Mr. Pincus, did Mr. Pincus sell it to your wife ? " the referee's minutes state, he answered, " I cannot state." His response or affidavit to this application is, that he answered, " from one to four weeks; " and the minutes of the referee do not essentially vary, and state, " it might be a week, it might be a month for all I know." I fail to find such evasion in the answers to the further questions as to the time that elapsed between these two sales: " Was it longer than two weeks after you had sold the place to Mr. Pincus that Mr. Pincus sold it to your wife ? " A. " It might and it might not." Q. " Was it longer than three weeks ? " A. " I don't know." Q. " Was it less than three weeks ? " A. " It might and it might not."

The matter certainly was not shown to have been one of precise knowledge on his part, and he expressly said it was not one of recollection. The attempt, therefore, to compel

People ex rel. Korotowsky agt. Leipzig.

him to fix the time with exact precision when he said he could not do so, was unjustifiable. Again, it plainly appears that the referee, instead of acting the mere part of one before whom an examination should be conducted by the plaintiff, in a great measure, took upon himself the part of *dominus lites*, or prosecutor, and pressed questions suggested of his own motion to an inquisitorial extent. In my opinion, the duty of a referee appointed under supplementary proceedings, is to *take*, and not to *make*, the examination of the judgment debtor; and if he attempts to do so in an officious manner and partisan spirit he transcends his duty.

A perusal of the referee's minutes of the examination of the defendant Leipzig, cannot fail to disclose that he allowed himself to act as the chief prosecutor of the examination directed to be had before him, and by his own interference induced or prompted much of the difficulty occurring on the hearing before him. I can perceive nothing in the defendant's conduct on the examination to render him justly chargeable with any willful contempt, but much to extenuate any possible irritation he may have displayed.

The motion to punish him for contempt is denied with ten dollars costs to be set off against the judgment.